**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KIFAH MUHAMMADU AL-FUYUDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1170-D |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF DISMISSAL WITHOUT PREJUDICE OF PLAINTIFF'S CLAIMS AGAINST CERTAIN DEFENDANTS**

Plaintiff, Kifah Muhammadu Al-Fuyudi, a California state prisoner appearing pro se and in forma pauperis, brings this action pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq*. and 42 U.S.C. § 1983 alleging violations of his federal statutory and constitutional rights at North Fork Correctional Facility (NFCF), a private prison located in Sayre, Oklahoma. The matter has been referred by United States District Judge Timothy D. DeGiusti for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

Plaintiff brings this action against eight defendants. Five of those defendants have filed a Motion for Summary Judgment [Doc. No. 60]. The Court has simultaneously filed a separate Report and Recommendation recommending that summary judgment be granted as to Plaintiff's claims against those five defendants.[2] Plaintiff's claims against the remaining three defendants --

---

[1] This matter was transferred to the undersigned on August 6, 2015.

[2] The five defendants moving for summary judgment are: Corrections Corporation of America (CCA), B. Barton, Sergeant Findlay, L. Lacy and J. Yates.

Warden Fred Figueroa, John Doe Head of Maintenance (identified during the course of this action as Merle Eppert) and J. Griffin -- are addressed in this Report and Recommendation.

As detailed below, Plaintiff has never effected service on Defendant Griffin. It does not appear that Plaintiff has effected service on Defendant Eppert. And, to the extent the purported service on Defendant Figueroa in April 2014 is proper service, Plaintiff has taken no action against this Defendant for over twenty-one months.[3] Nor has Plaintiff taken any further action as to Defendants Griffin and Eppert. Accordingly, pursuant to Fed. R. Civ. P. 4(m), the Court recommends dismissal without prejudice of Plaintiff's claims against Defendants Griffin and Eppert. Additionally, pursuant to Fed. R. Civ. P. 41(b) the Court recommends dismissal without prejudice of Plaintiff's claims against Defendants Figueroa, Eppert and Griffin.

I. **Factual Background / Procedural History**

Plaintiff commenced this action with the filing of his Complaint [Doc. No. 1] on October 23, 2012. On February 5, 2013, Plaintiff requested the issuance of a summons, *see* Pro Se Litigant's Request for Issuance of Summons [Doc. No. 10], for the John Doe Defendant, "Head

---

[3] On June 13, 2014, in an Order [Doc. No. 38] addressing service issues, the Court noted that "it appears, at least from the face of the return of service, that on April 1, 2014, Defendant Fred. E. Figueroa was served by the USMS in Tutwiler, Mississippi. *See id*. at p. 2 (*citing* Process Receipt and Return form [Doc. No. 31]; Fed. R. Civ. P. 4(e); Miss. R. Civ. P. 5(b)(1)). For purposes of this Report and Recommendation only, the Court assumes service on Defendant Figueroa is proper.

of Maintenance." On the Process Receipt and Return form [Doc. No. 10] Plaintiff identified the Head of Maintenance as Mr. Eppert. *See id*.[4]

Also on February 4, 2013, Plaintiff requested the issuance of summonses for, among other defendants, Mr. Griffin. *See* Pro Se Litigant's Request for Issuance of Summonses [Doc. No. 8]. He listed the address for service of Defendant Griffin as Sayre, Oklahoma. *See id*.

A. **Service Attempts – Defendant Griffin**

A Process Receipt and Return form [Doc. No. 15] filed April 5, 2013 states as to Defendant Griffin: "Waiver attempt [sent on 2/5] failed. Please personally serve." The form also states: "served Sgt. Thurman with CCA in Sayre" and reflects the date of service as April 1, 2013. *See id*.

Over one year later, Defendant Griffin had not filed an answer and, consequently, on May 7, 2014, the Court entered an Order [Doc. No. 33] and again directed the USMS to attempt to serve Defendant Griffin and, if unsuccessful, to file a return of service describing what steps were taken. *See id*. at p. 2.[5]

---

[4] For convenience's sake, the Court will simply refer to this defendant as Defendant Eppert. As set forth in a prior order of the Court:

> On a Process Receipt and Return Form (USM-285) completed by Plaintiff, Defendant Head of Maintenance was further identified as 'Mr. Eppert (Head of Maintenance).' *See* Doc. Nos. 10, 11. For the limited purpose of addressing service issues, the Court has accepted that 'Mr. Eppert (Head of Maintenance)' is the same individual as 'Head of Maintenance' named as a Defendant in the Complaint. However, Plaintiff may later be required to file a formal clarification of this issue if he intends to proceed with claims against Mr. Eppert.

*See* Order [Doc. No. 38] at p. 2, n. 1.

[5] The Court directed this further attempt at service noting that it was not apparent from the record that Mr. Griffin was properly served. *See id.* at p. 2.

3

Thereafter, on May 16, 2014, the USMS filed a Process Receipt and Return form [Doc. No. 34] showing attempted service on Defendant Griffin at NFCF. In the remarks section of the form, the USMS states that the warden and assistant warden advised "that Griffin never worked [at] this facility to their knowledge: and that they were "argumentative towards [the USMS] as to taking the service of process." *Id*.

On June 13, 2014, the Court entered an Order [Doc. No. 38] and found that the USMS had made reasonable efforts to serve Defendant Griffin. The Court additionally found that "[f]urther action is required by Plaintiff to meet his responsibility of ensuring that each Defendant has been served." *Id*. at p. 3. The Court granted Plaintiff an extension of time until July 14, 2014 to serve Defendant Griffin or to show cause by July 21, 2014 why the action should not be dismissed without prejudice. *Id*. at p. 4 (*citing* Fed. R. Civ. P. 4(m)).

Plaintiff did not timely serve Defendant Griffin or show cause why the action should not be dismissed. However, in an Order [Doc. No. 51] filed on October 15, 2014 -- in response to a request made by Plaintiff in September, 2014 -- the Court directed one of the served Defendants, Corrections Corporation of America (CCA), to provide a last known address for Defendant Griffin, allegedly a former employee of CCA. The Court directed CCA to file the address under seal and that once provided, the USMS again would be required to attempt service of process. *See id*. at p. 2. The Court acknowledged that Plaintiff's time period for service had expired and that a prior extension of the service period had been granted. *See id*. at p. 3. The Court found good cause existed to grant another extension of time but further stated that: "[u]nless service is waived or accomplished by November 14, 2014, Plaintiff shall on or before November 21, 2014, show cause for why the claims against [Defendant Griffin] should not be dismissed without prejudice." *Id*. at p. 3 (*citing* Fed. R Civ. P. 4(d)(4), (l), (m)).

In response, on October 20, 2014, Defendant CCA filed a Notice to the Court [Doc. No. 52] and advised the Court that Defendant Griffin was not an employee of CCA and that the defendants did not "possess a last known address for Mr. Griffin." *See id*. No further action has been taken with respect to effecting service on Defendant Griffin or prosecuting claims against him.

B. **Service Attempts – Defendant Eppert**

In an Order [Doc. No. 29] filed March 21, 2014, the Court clarified that the USMS had been appointed to serve Defendant Eppert based on Plaintiff's pauper status. *See id*. at p. 2. In response, the USMS attempted service and on April 8, 2014, filed a Process Receipt and Return form [Doc. No. 32] for unexecuted service on Defendant Eppert. The form shows that service was attempted at Tallahatchi County Correctional Facility in Tutwiller, Mississippi. *See id.* Under the "remarks" section it states: "Rhonda Bush from HR advised named defendant is no longer employed at the facility." *Id*.

Thereafter, on June 13, 2014, the Court entered an Order [Doc. No. 38]. The Court determined the USMS had made reasonable efforts to serve Defendant Eppert and that "[f]urther action is required by Plaintiff to meet his responsibility of ensuring" service. *Id*. at p. 3. The Court further found that the time period for service had expired but that Plaintiff should be granted an extension of time until July 14, 2014 to serve Defendant Eppert or to show cause by July 21, 2014 why the claims against him should not be dismissed without prejudice. *See id*. at pp. 3-4 (*citing* Fed. R. Civ. P. 4(m)).

Plaintiff did not timely serve Defendant Eppert or show cause why the action should not be dismissed. However, in an Order [Doc. No. 51] filed on October 15, 2014 -- in response to a request made by Plaintiff in September, 2014 -- the Court directed one of the served Defendants,

5

CCA, to provide a last known address for Defendant Eppert. The Court directed CCA to file the address under seal and that once provided, the USMS again would be required to attempt service of process. *See id*. at p. 2. The Court acknowledged that Plaintiff's time period for service had expired and that a prior extension of the service period had been granted. *See id*. at p. 3. The Court found good cause existed to grant another extension of time but further stated that: [u]nless service is waived or accomplished by November 14, 2014, Plaintiff shall on or before November 21, 2014, show cause for why the claims against [Defendant Eppert] should not be dismissed without prejudice." *Id*. at p. 3 (*citing* Fed. R Civ. P. 4(d)(4), (l), (m)).

In response, on October 20, 2014, Defendant CCA filed under seal the last known address of Defendant Eppert. *See* Notice to Court, Attachment [Doc. No. 52-1]. On November 25, 2014, the USMS filed a Process Receipt and Return form [Doc. No. 65] indicating that service was effected by certified mail on November 5, 2014. But the return receipt is signed by an individual named Meryl Thompson. Thus, it does not appear that Defendant Eppert was ever served with process. No further action has been taken with respect to service of Defendant Eppert nor has any individual other than Merle Eppert been identified by Plaintiff as the John Doe "Head of Maintenance" named in the Complaint. As with Defendant Griffin, Plaintiff has done nothing to further prosecute his claims against Defendant Eppert.

**II.   Discussion**

    **A.   Dismissal of Claims Against Defendants Griffin and Eppert for Failure to Effect Timely Service**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, when service is not effected within the prescribed 120-day period, "the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that

6

service be made within a specified time.[6] But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A two-step analysis governs dismissal pursuant to Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted . . . [and] may in its discretion either dismiss the case without prejudice or extend the time for service." *Id*. at 841.

Plaintiff has not served Defendants Griffin and Eppert within the 120-day period required by Rule 4(m). In addition, the Court has granted Plaintiff permissive extensions of time within which to effect service of these defendants. In the Court's most recent order addressing service issues, *see* Order [Doc. No. 51], Plaintiff was advised that if service was not accomplished by November 14, 2014, Plaintiff had until November 21, 2014 to show cause why the claims against the Defendants should not be dismissed without prejudice. And, the Court has previously given Plaintiff notice of the fact that his failure to timely serve Defendants Griffin and Eppert would result in the dismissal without prejudice of the claims brought against them.[7]

---

[6] Recent amendments to Rule 4(m), effective December 1, 2015 and not applicable to this action, now limit the time period to effect service to ninety days. *See* Fed. R. Civ. P. 4(m); 28 U.S.C. § 2074; *see also* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf (Supreme Court's notice that it adopted Congress' amendments to the Federal Rules of Civil Procedure and stating that those amendments govern proceedings commenced after December 1, 2015).

[7] Plaintiff's ability to object to this Report and Recommendation provides sufficient notice of the dismissal under Rule 4(m). *Compare Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (addressing sua sponte dismissal of meritless complaint and noting with approval decisions of other courts finding safeguards of Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure adequate to protect, inter alia, a sua sponte dismissal for failure to prosecute or for defective service) (citations omitted).

Plaintiff has taken no further action with respect to effecting service on Defendants Griffin and Eppert and the record demonstrates that the USMS has exhausted its reasonable efforts to effect service. The Court finds that no further permissive extensions are warranted. *See Espinoza*, 52 F.3d at 841 (reciting factors to consider).[8] Therefore, the Court recommends that Plaintiff's claims against Defendants Griffin and Eppert be dismissed without prejudice to refiling for failing to effect service in accordance with the requirements of Fed. R Civ. P. 4(m).

**B. Dismissal of Plaintiff's Claims Against Defendants Figueroa, Eppert and Griffin is Warranted Due to Plaintiff's Failure to Prosecute Those Claims**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[a] trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence." *S.E.C. v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974); *see also AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (citation omitted). "There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. Instead, the procedural history of each case must be examined to make such a determination." *Power Res. Corp.*, 495 F.2d at 298. A Rule 41(b) dismissal may be either with or without prejudice and the latter may be ordered by a district court "without

---

[8] One *Espinoza* factor, applicable here, is whether Plaintiff's claims would be barred by the statute of limitations if he were to attempt to refile the action. But it appears Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, would allow Plaintiff an additional year to re-file his claims. *See Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"); *Williams v. City of Guthrie, Oklahoma*, 109 F. App'x 283, 286 (10th Cir. 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court); *see also Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (recognizing Tenth Circuit's prior holdings that "the Oklahoma savings statute applies to § 1983 claims") (citations omitted).

attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Plaintiff has not pursued the prosecution of this action as to his claims against Defendants Figueroa, Eppert and Griffin. No action has been taken in this case with respect to Defendant Figueroa since April 2014, with respect to Defendant Griffin since October 2014, and with respect to Defendant Eppert since November 2014. Apart from limited efforts by Plaintiff to seek information necessary to assist the USMS in effecting service, Plaintiff has done nothing to advance his claims, has not sought further relief from this Court or requested any action be taken with respect to the claims brought against these defendants. *Compare Morgan v. Tomlinson*, 602 F. App'x 432, 434-46 (10th Cir. 2015) (affirming dismissal of claims against two defendants, each of whom had been served with a summons and complaint but had never answered, due to plaintiff's failure to seek proper relief against them as available under the applicable Federal Rules of Civil Procedure); *see also Apache Tribe of Oklahoma v. Brown*, 966 F. Supp. 2d 1188, 1191 n. 3 (W.D. Okla. 2013) (dismissing claims without prejudice under Rule 41(b) for failure to prosecute where plaintiffs had taken no further action against the defendants since the clerk's entry of default some three years prior). Dismissal without prejudice for failure to prosecute, therefore, is proper as to Plaintiff's claims against Defendants Figueroa, Eppert and Griffin.

## **RECOMMENDATION**

It is recommended that Plaintiff's claims be dismissed without prejudice against Defendants Griffin and John Doe, Head of Maintenance, identified in this action as Merle Eppert, pursuant to Fed. R. Civ. P. 4(m). It is further recommended that Plaintiff's claims be dismissed without prejudice against Defendants Figueroa, Defendant John Doe, Head of

9

Maintenance, identified in this action as Merle Eppert, and Defendant Griffin pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by February 16, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation, in conjunction with the Report and Recommendation on Motion for Summary Judgment [Doc. No. 60] filed on this same date, terminates the referral by the District Judge in this matter.

ENTERED this 26th day of January, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE