IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIFAH MUHAMMADU AL-FUYUDI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTION CORPORATION OF ) <br> AMERICA, *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-12-1170-D |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 77], issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones recommends, for reasons stated more fully below, that summary judgment be granted to Defendants Corrections Corporation of America ("CCA"), B. Barton, Sergeant Findlay, L. Lacy, and J. Yates on claims asserted by Plaintiff under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*[1] Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Plaintiff has waived further review of all issues not

---

[1] A second Report and Recommendation [Doc. No. 78] recommending dismissal of Plaintiff's action against other defendants for lack of service was adopted by Order of February 26, 2016 [Doc. No. 80].

specifically raised in his objection. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks injunctive and declaratory relief and damages based on alleged unlawful conditions of confinement at a private prison, the North Fork Correctional Facility ("NFCF"), operated by CCA in Sayre, Oklahoma. Plaintiff is an inmate of the California Department of Corrections and Rehabilitation ("CDCR"), and was previously confined at NFCF pursuant to a contract between that agency and CCA. Plaintiff's obligation to exhaust administrative remedies before filing suit under § 1983 and RLUIPA (*see* 42 U.S.C. §§ 1997e(a) and 2000cc-2(e)) required him to comply with California regulations and utilize CDCR's grievance system.

Plaintiff practices the Muslim faith. He claims NFCF officials violated RLUIPA and § 1983 by failing to provide a proper and nutritionally adequate halal diet, by denying him the right to wear a kufi at all times, and by not providing copies of religious materials, access to Muslim television programs, and additional chapel time for Muslim services. Plaintiff also claims under § 1983 that he was deprived of property without due process when his television, radio, and typewriter were delivered to him at NFCF in broken condition, and that he was subjected to unconstitutional conditions of confinement due to inadequate heat in his cell and plumbing problems that caused water damage to his books and tapes and disrupted water service to his cell for several days.

In a thorough, 53-page Report and Recommendation, Judge Jones first finds as a jurisdictional matter that Plaintiff's claims for injunctive and declaratory relief are moot due to Plaintiff's transfer from NFCF to a California facility (*see* R&R, pp.6-7), and as a judicial screening matter under 28 U.S.C. § 1915(e) and § 1915A that RLUIPA does not authorize individual liability for money damages. *See id*. pp.19-20. Addressing the issues presented for decision pursuant to Fed. R. Civ. P. 56, Judge Jones makes the following findings: 1) Plaintiff failed to exhaust the administrative process for certain claims regarding his halal diet and the destruction of his personal property, as shown by a chart in footnote 8 on page 11 of the Report (*id*., pp.12-17);[2] 2) assuming RLUIPA permits the recovery of money damages from a private corporation, Plaintiff has failed to identify a policy or custom promulgated by CCA that would create liability (*id*. pp.20-22 & 51); 3) alternatively, Plaintiff's RLUIPA claims fail on the merits because he has not shown a substantial burden on his religious exercise from the conduct alleged in his exhausted claims (*id*. pp.22-35);[3] 4) Plaintiff has failed to establish a § 1983 claim for violation of the Equal Protection Clause based on disparate treatment of Muslim inmates with respect to religious materials, television, or chapel time (*id*. pp.37-41); 5) Plaintiff has failed to establish a § 1983 claim for a violation of the Eighth Amendment based on heating and plumbing problems in his cell (*id*. pp.41-48);

---

[2] Although the chart serves to identify Plaintiff's claims, the corresponding grievances, and Defendants' position regarding exhaustion, Judge Jones finds Defendants' position to be correct for reasons subsequently explained in the Report.

[3] Similarly, with regard to any parallel § 1983 claim asserting a violation of Plaintiff's First Amendment right to free exercise of religion, Judge Jones concludes the claim would fail due to Plaintiff's failure to demonstrate a substantial burden on a sincerely held religious belief. *See* R&R, p.36, n.3.

and 6) Plaintiff has failed to establish a § 1983 claim for a violation of the Due Process Clause based on the destruction of his personal property (*id*. pp.48-51). The last finding supports an alternative disposition of Plaintiff's property claim, which is recommended for dismissal as unexhausted. Further, in reaching the conclusion that summary judgment should be granted, Judge Jones finds Plaintiff's argument that outstanding discovery requests prevent a full response to Defendants' Motion fails to satisfy Rule 56(d) and is insufficient to defer or delay a ruling, and Judge Jones recommends the disposition of Plaintiff's Equal Protection claim even though it was not expressly included in Defendants' Motion because Plaintiff will receive sufficient notice to satisfy Rule 56(f). *See id*., pp.4-6 & p.38 n.32.

In his Objection, Plaintiff challenges the propriety of granting summary judgment to Defendants, without specifying any particular defendant or claim and without identifying any procedural defect under Rule 56. Plaintiff does specifically object, however, to Judge Jones' finding regarding administrative exhaustion. Plaintiff admits "a couple of claims" are unexhausted, but he contends exhaustion should be excused because the administrative remedy was rendered unavailable by Defendant Barton's refusal to process Plaintiff's appeal forms. *See* Pl.'s Obj., Mem. [Doc. No. 79-1], p.1 (ECF page numbering). Plaintiff relies on a portion of his summary judgment response (citing page 6, ¶ 10), a declaration of a guard named "Bolivta," and exhibits regarding grievance appeals related to his property damage claim. *Id*. pp.1-2, Exs. A & B [Doc. Nos. 79-2 & 79-3].[4] Plaintiff also contends exhaustion

---

[4] Judge Jones expressly considers most of these items. *See* R&R, p.13 (discussing cited portion of Plaintiff's response brief and Bolivta declaration); *id*. p.16 (discussing Form 22 [Doc. No. 72-2], p.2).

of his property claim is shown by an informal grievance response promising that broken items would be replaced.

Upon *de novo* consideration of the issue of administrative exhaustion, the Court fully concurs in Judge Jones' conclusion that Plaintiff has not demonstrated a genuine dispute of material fact exists as to whether his failure to exhaust additional grievances regarding his halal diet should be excused. Plaintiff has not presented properly supported facts showing the administrative appeals process was unavailable with respect to these grievances due to "the action or inaction of prison officials." *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). As to Plaintiff's property damage claim, the Court reaches the same conclusion. Plaintiff was expressly instructed how to submit a grievance appeal to CDCR regarding his property claim, but the record shows he failed to submit the required documents in a timely manner. The additional documents presented with Plaintiff's Objection do not alter this finding or demonstrate facts to show Plaintiff was prevented by the action or inaction of prison officials from making a timely submission. Although not expressly stated by Judge Jones, however, the Court finds that the proper disposition of a claim for which Plaintiff has failed to exhaust administrative remedies is a dismissal without prejudice of the claim. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

Plaintiff also objects to Judge Jones' finding that he has failed to demonstrate a genuine dispute of material fact regarding an essential element of a RLUIPA claim, namely, that Defendants' challenged conduct imposed a substantial burden on Plaintiff's exercise of

religious beliefs. Plaintiff's argument in support of this objection, like his summary judgment response, is conclusory. He fails to identify facts that would establish a substantial burden on his religious exercise arising from the conduct at issue in his exhausted RLUIPA claims – a deficient halal meal received on November 30, 2011; limiting Plaintiff's wearing of a kufi to prayer times; and denying Plaintiff copies, a Muslim cable channel, and more days of chapel time. Upon *de novo* consideration, the Court finds for the reasons fully explained by Judge Jones that Defendants are entitled to summary judgment on these claims. Further, Plaintiff has failed to show a basis of liability for damages against CCA or any individual defendant on his exhausted RLUIPA claims, and his requests for injunctive and declaratory relief are moot.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 77] is ADOPTED. Plaintiff's claims for injunctive and declaratory relief are dismissed as moot; Plaintiff's claims under RLUIPA and § 1983 regarding exercise of his religious beliefs, except as asserted in Grievance Nos. NF-12-11-004 and NF-11-05-001, are dismissed for failure to exhaust administrative remedies; and Plaintiff's § 1983 claim for destruction of his personal property is dismissed for failure to exhaust administrative remedies. Defendants Corrections Corporation of America, B. Barton, Sergeant Findlay, L. Lacy, and J. Yates are entitled to summary judgment on all other claims asserted in Plaintiff's Complaint.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 60] is GRANTED, as set forth herein. A final judgment shall be entered in accordance

with this Order and the Order of February 26, 2016, dismissing Plaintiff's action against other defendants for lack of service of process.

IT IS SO ORDERED this 22nd day of March, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE